RECEIPT # 56576 w
AMOUNT $ 150
SUMMONS ISSUED X-2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-15-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

2004 JUN 15 A 11:02

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.: **04 CV 11318 RCL**

| | |
|---|---|
| MARY KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTEGRATED DISABILITY RESOURCES | ) |
| Inc. and JOHN HANCOCK LIFE | ) |
| INSURANCECOMPANY | ) |
| | ) |
| Defendant. | ) |

MAGISTRATE JUDGE Cohen

## COMPLAINT

NOW COMES THE Plaintiff, by and through his attorney, Michael James Kelley, and makes this complaint against the Defendant:

### I. GENERAL ALLEGATIONS

1. This action arises under the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 [29 USC §§1001 ET SEQ.] (ERISA) and more particularly §502(a)(1)(B) and §502(c) of said Act [29 USC §1132(a)(1)(B), §1132(c)]. The court has jurisdiction of this matter under 29 USC §1132(e).

2. The Plaintiff is currently residing at 15 Walnut Avenue, North Andover, Commonwealth of Massachusetts and is a qualified participant in a Long Term Disability (LTD) plan within the meaning of 29 USC §1002(7) of ERISA.

3. The Defendant, Integrated Disability Resources, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Windsor, CT.

4. The Defendant, John Hancock Mutual Life Insurance, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principle place of business at 200 Clarendon Street, Boston, MA, 02117.

5. The Defendant, John Hancock Mutual Life Insurance, hereinafter cited as the LTD Plan or Plan, is a qualified employees' Long Term Disability Plan under Section 401 of the Internal Revenue Code of 1954, as amended and an employee benefit plan within the meaning of 29 USC §1002(2)(A) and §1002(35). The group policy number is 1-GCC.

6. The Plaintiff was a qualified employee of John Hancock, hereinafter cited as Employer, and remained continuously employed under the terms of the LTD Plan.

7. Plaintiff became disabled due to severe medical impairments and applied for long term disability benefits with the Defendants and collected benefits from March 15, 1991 until the benefits were ceased on June 2, 2003.

8. The Plaintiff appealed the cessation of benefits.

9. The Defendant acknowledged the plaintiff's appeal on November 21, 2003 and the duty to render a decision within 45 days.

10. As of the filing of this complaint 216 days have elapsed without a decision.

11. The Defendant has therefore issued a final decision and Plaintiff thereby exhausted all internal appeals process.

12. The Plaintiff is entitled to a de novo review of the cessation of LTD benefits.

13. Benefits due are vested under the LTD and the Plaintiff has complied with all conditions in order to receive such disability benefits.

14. The Defendant failed to consider evidence offered by Plaintiff establishing total and permanent disability.

15. The Defendant failed to provide the Plaintiff with the opportunity for a full and fair review of his claim.

16. The above-mentioned decision of the Defendant denying the Plaintiff benefits due under the terms of the long term disability plan was not made in good faith,

unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

17. As the direct and proximate result of the actions of the Defendants, Plaintiff has been caused to incur attorneys' fees in an amount currently not known to the Plaintiff.

18. As a direct and proximate result of the above Defendant's actions, the Plaintiff has lost benefits in an amount not known in full by the Plaintiff but upon belief and information such loss approximates the amount of benefits due under the terms of the LTD Plan for each month since June 2, 2003 and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

**WHEREFORE,** the Plaintiff prays judgment against the Defendants as follows:

1. An order for the Defendant's LTD Plan to pay to the Plaintiff all Long Term Disability benefits accrued and unpaid to the date of this judgment;

2. An order for the Defendants to designate the Plaintiff as an eligible participant under the Plan and to pay the Plaintiff the contracted monthly LTD benefits from the date of this judgment henceforth;

4. Imposition of such other penalties against the Defendants as deemed appropriate; and

5. The Plaintiff is awarded attorneys' fees and costs of this action and such other relief as deemed appropriate.

Date: June 15, 2004

                                              Respectfully submitted,
                                              Plaintiff
                                              By her Attorney

                                              Michael James Kelley, Esq.
                                              167 Milk Street, Suite 428
                                              Boston, MA  02109
                                              617/ 523-1450
                                              BBO# 567329