UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY KENNEY,<br>    Plaintiff<br><br>V.<br><br>INTEGRATED DISABILITY RESOURCES,<br>INC. and JOHN HANCOCK LIFE<br>INSURANCE COMPANY,<br>    Defendants | CIVIL ACTION NO. 04CV11318RCL |

**MEMORANDUM IN SUPPORT OF INTEGRATED DISABILITY RESOURCES, INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.      NATURE AND STATUS OF PROCEEDINGS**

This is an action for total disability benefits under a plan governed by ERISA. The plaintiff, Mary Kenny, was provided disability coverage under an employee benefit welfare benefit plan ("the Plan") that her employer, John Hancock Life Insurance Company ("John Hancock"), provided to its employees. Integrated Disability Resources, Inc. ("IDR") is the third-party administrator of the insurance policy that funded the Plan.

Between 1991 and 2003, John Hancock paid Ms. Kenny total disability benefits. In June 2003, following an investigation that included extensive surveillance and a thorough independent medical review, John Hancock determined that Ms. Kenny was not entitled to further benefits under the Plan because she was no longer totally disabled from *any* occupation.

In November 2003, Ms. Kenny appealed the denial of her benefits, submitted some medical records and reports in support of her appeal, and stated that additional records would be forthcoming. Ms. Kenny never submitted the additional records. John Hancock reviewed the

records Ms. Kenny submitted in November 2003 and determined that there was not sufficient evidence submitted to warrant reversal of the decision.

Having exhausted her administrative remedies, Ms. Kenny filed this action seeking a declaration that she is entitled to recover total disability benefits pursuant to the Plan.  The remedy Ms. Kenny seeks can only be obtained from John Hancock.  As the third-party administrator, IDR is not liable to suit from Ms. Kenny, a beneficiary of the Plan.  Therefore, IDR now moves for summary judgment on Ms. Kenny's claim for benefits under the Plan.

## II.     STATEMENT OF UNDISPUTED FACTS

Integrated Disability Resources, Inc. ("IDR") is a group disability risk and claim management service organization.  Aff. Para. 2.[1]  It is the third-party administrator for Group Policy No. 1-GCC, which is the long-term disability policy that was issued by John Hancock Life Insurance Company ("the Policy") to fund the Group Insurance Plan ("Plan") provided by John Hancock for its employees.  Aff. Para. 2; (00042).[2]  Mary Kenny was an employee of John Hancock at the time she filed her claim for total disability benefits under the Plan.  (00141, 0011-118).

IDR is not, nor has it ever been, the insurer of the Policy, or the plan administrator for the Plan.  Aff. Para. 3.

The Plan states that John Hancock is the named fiduciary and administrator of the Plan for purpose of ERISA.  Aff. Para. 3; (00043).  The Plan also states that John Hancock may enter into agreements or designate other individuals to assist John Hancock in carrying out its responsibilities.  Aff. Para. 3; (00043).

---

[1]  Aff. Para. __ corresponds to the Affidavit of Todd O'Rourke which is submitted in support of IDR's motion for summary judgment.

[2]  Numbers in parenthetical correspond to the Administrative Record which was submitted with John Hancock Life Insurance Company's motion for summary judgment.

As third-party administrator for the Policy, IDR provides claims processing services. That is, based upon the language set forth in the Plan, IDR makes a determination as to whether a claim is payable under the terms of the Plan. Aff. Para. 4. The services IDR provides relative to the Plan include: performing an examination of a claim for benefits; making claim determinations; computing benefits; issuing benefits; furnishing insureds with an explanation of benefits; and recording accounting and statistical data regarding benefits payments. Aff. Para. 5.

While IDR processes claims under the Plan, it does not have any discretionary authority over the management of the Plan, nor does it have the authority to alter or waive any terms of the Plan. Aff. Para. 6. The funds used to pay claimants are ultimately from the insurer, not IDR. Aff. Para. 6.

### III.    ARGUMENT

As Third-Party Administrator, IDR Is Not Liable To Suit By Ms. Kenny.

Mary Kenny's complaint seeks benefits under the Policy. The only party who will be responsible to pay her benefits if she prevails is John Hancock, the co-defendant in this case. At no time has John Hancock denied that it is the responsible party to pay benefits to Ms. Kenny if she is totally disabled as defined by the Plan. Therefore, there is no reason for IDR to be a defendant in this case. Furthermore, there is no risk to Ms. Kenny for IDR to be dismissed from this case. She was a John Hancock employee and the Policy that funds the ERISA Plan is a John Hancock Policy. IDR was merely the third-party administrator of the Policy.

"ERISA contemplates actions against an employee benefit plan and the plan's fiduciaries. With narrow exception, however, ERISA does not authorize actions against non-fiduciaries of an ERISA plan." Terry v. Bayer Corp., 145 F.3d 28, 35 (1st Cir. 1998) quoting Santana v. Deluxe Corp., 920 F. Supp. 249, 253 (D. Mass. 1996). "Courts have determined that when the plan

administrator retains discretion to decide disputes, a third party service provider, …, is not a fiduciary of the plan, and thus not amenable to suit under §1132(a)(1)(B)." Id.; see also Kodes v. Warren Corp., et al, 24 F. Supp. 2d 93, 101 (D. Mass. 1998)(citing Terry). "An interpretive bulletin issued by the Department of Labor bears this out, stating that an entity which merely processes claims 'is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan.'" Terry, 145 F.3d at 36 quoting 29 CFR §2509.75-8, D-2 (1997); see also Kodes, 24 F. Supp. 2d at 101 (citing the DOL advisory opinion).

"ERISA itself significantly limits the liability of service providers in actions under the statute. … '[T]he threat of liability [should not be held] over the heads of those who only lend professional services to a plan without exercising any control over, or transacting with, plan assets.'" Id. citing Reich v. Rowe, 20 F.3d 29, 32 (1st Cir. 1994); see also Kodes, 24 F. Supp. 2d at 101 (Court agrees that third party administrator who processes claims and does not retain discretionary authority or control for plan assets is not liable for breach of fiduciary duties); Santana v. Deluxe Corp., et al, 920 F. Supp. 249, 253 (D. Mass. 1996)(Court agrees that third party administrator is not subject to suit under ERISA). The proper defendant in an action for benefits under an ERISA plan is the party that controls the administration of the plan. Id.

"ERISA allows named fiduciaries to delegate responsibilities … by expressly provid[ing] for procedures … for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan." Terry, 145 F.3d at 37 (internal quotations and citations omitted). A third party administrator is not liable as an ERISA fiduciary where it provides "claims processing, cost analysis, pre-admission certification and payment of claims from an established fund" and determines whether plan

participants are entitled to benefits but the plan sponsor retains the right to reconsider and review that decision on appeal. See Kodes, 24 F. Supp. 2d at 101. "[W]here an employee benefit plan has contracted with a third party to provide claims processing and other administrative services to the plan, but has retained discretion to decide disputed claims, courts have universally ruled that the service provider is not a fiduciary of the plan." Santana, 920 F. Supp. at 254 (citations omitted).

Like the third party administrators in Terry, supra, Kodes, supra, and Santana, supra, IDR is not a fiduciary of the Plan. Like the third party administrators in those cases, IDR is not, nor has it ever been, the insurer of the Policy, or the plan administrator for the Plan. Aff. Para. 3. As in those cases, the Plan here provides that John Hancock is the named fiduciary and administrator of the Plan for purpose of ERISA. Aff. Para. 3; (00043). Additionally, as in those cases, the Plan here provides that John Hancock may enter into agreements or designate other individuals to assist John Hancock in carrying out its responsibilities. Aff. Para. 3; (00043).

As third-party administrator for the Policy, IDR, like the third party administrators in those cases, provides claims processing services. Aff. Para. 4. That is, based upon the language set forth in the Plan, IDR makes a determination as to whether a claim is payable under the terms of the Plan. Aff. Para. 4. IDR's functions are administrative in nature. The services IDR provides relative to the Plan include: performing an examination of a claim for benefits; making claim determinations; computing benefits; issuing benefits; furnishing insureds with an explanation of benefits; and recording accounting and statistical data regarding benefits payments. Aff. Para. 5.

Like the third party administrators in Terry, supra, Kodes, supra, and Santana, supra, while IDR processes claims under the Plan, it does not have any discretionary authority over the

management of the Plan, nor does it have the authority to alter or waive any terms of the Plan. Aff. Para. 6. Furthermore, the funds used to pay claimants are ultimately from the insurer, not from IDR. Aff. Para. 6.

Thus, under the undisputed facts presented by this case, there is no doubt that IDR simply applies the terms of the Plan and is a third party administrator who is not liable to suit by Ms. Kenny.

## IV.   CONCLUSION

For the reasons stated above, the Court should grant IDR's motion for summary judgment on Ms. Kenny's ERISA claim and enter final judgment in IDR's favor.

INTEGRATED DISABILITY
RESOURCES, INC.

By its attorneys,

/s/ Elizabeth L. B. Greene
Joseph M. Hamilton, BBO #546394
Elizabeth L. B. Greene, BBO #561456
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: March 4, 2005

## CERTIFICATE OF SERVICE

I, Elizabeth L. B. Greene, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Michael J. Kelley, Esq., 167 Milk Street, Suite 428, Boston, MA 02109.

/s/ Elizabeth L. B. Greene
Elizabeth L. B. Greene

Dated: March 4, 2005